UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LAMAR  PINCKNEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-30 |
| | § | |
| AMERICAN OVERSEAS MARINE | § | |
| CORPORATION, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING MOTION TO DISMISS

Plaintiff, Lamar Pinckney (Pinckney) filed this suit against Defendants American Overseas Marine Corporation, LLC (Amsea), General Dynamics Corporation (GDC), and United States of America (United States) under the general maritime law of the United States as modified by the Jones Act, Suits in Admiralty Act (SAA), and Public Vessels Act (PVA).   Pinckney seeks damages for injuries suffered during his employment onboard the vessel, USNS BENAVIDEZ, along with punitive damages for the willful and arbitrary delay or refusal in paying compensation.

The vessel USNS BENAVIDEZ is a public vessel owned by the United States.  It is undisputed that, where applicable, this action is governed by the exclusivity provision of the SAA, 46 U.S.C. § 30904,[1] consistent with the PVA, 46 U.S.C. § 31103,[2] which makes the exclusive remedy a claim against the United States.  Before the Court is Defendant Amsea and GDC's Motion to Dismiss (D.E. 19), arguing that the exclusivity

---

[1]  Formerly cited as 46 U.S.C. § 745.
[2]  Formerly cited as 46 U.S.C. § 782.

provision relieves them of all liability for Pinckney's claims and seeking dismissal from this action.  Pinckney has responded (D.E. 22), agreeing that the exclusivity provision protects these Defendants from liability for compensatory damages but arguing that the claim against them for punitive damages survives.  For the reasons set out below, the Court GRANTS the motion (D.E. 19) and DISMISSES Pinckney's claims against Amsea and GDC.

Under Count III of his Complaint, Pinckney seeks punitive damages and attorney's fees for Defendants' alleged willful, wanton, arbitrary, and capricious failure to pay maintenance and cure.  D.E. 2, p. 5.  The question for this Court is whether that particular claim is precluded by the exclusivity provision, which states:

> If a ***remedy*** is provided by this chapter, it shall be exclusive of ***any other action*** arising out of the ***same subject matter*** against the officer, employee, or agent of the United States or the federally-owned corporation whose act or omission gave rise to the claim.

46 U.S.C. § 30904 (emphasis added).  Because punitive damages are not recoverable against the United States, Pinckney argues that his "remedy" is not provided by the SAA or PVA.  Characterizing the action for punitive damages as a different claim based upon administrative conduct other than that which produced the personal injury, Pinckney argues that it does not involve the "same subject matter" as the claims for compensatory damages.  Thus Pinckney seeks the right to prosecute his claim against Amsea and GDC.

The parties acknowledge that there is a split in authority regarding whether claims of this type may be brought in addition to the claims against the United States.  Two cases out of the Eastern District of Louisiana reached opposite results, both of which

were affirmed without opinion by the Fifth Circuit.  In *Farnsworth v. Sea-Land Service, Inc.*, 1989 WL 20544, *5 (E.D. La. March 7, 1989), *aff'd*, 896 F.2d 552 (5th Cir. 1990), the trial court held, "While plaintiff's maintenance and cure claims may not arise out of the same act or omission as his claims for negligence and unseaworthiness, they certainly are 'by reason of the same subject matter.'"

Six months later, in *Henderson v. Int'l Marine Carriers*, 1990 A.M.C. 400 (E.D. La. September 12, 1989), *aff'd*, 921 F.2d 275 (5th Cir. 1990), the trial court agreed with the Middle District of Florida court and reached the opposite result.  The *Henderson* court stated:

> In the present case, the plaintiff seeks recovery from Sea-Land not for the wrongful acts of its master or crew in the management of a United States vessel, but for the arbitrary and willful conduct of its insurance department in handling benefits claims.  The Court finds that such arbitrary claims handling is an entirely different subject matter from the negligent conduct for which the SAA provides a remedy.  The Court further finds that the SAA was not designed to preclude recovery for arbitrary claims handling.

*Id*. (quoting *Shields v. United States*, 1988 A.M.C. 21, 662 F. Supp. 187 (M.D. Fla. 1987)).

Several courts have written on the issue since that time.  Amsea and GDC advocate following three federal appellate court opinions:  *O'Connell v. Interocean Management Corp.*, 90 F.3d 82 (3rd Cir. 1996); *Kasprik v. United States*, 87 F.3d 462 (11th Cir. 1996); and *Manuel v. United States*, 50 F.3d 1253 (4th Cir. 1995).  Each of those opinions holds that the exclusivity provision bars all claims for maintenance and cure against anyone other than the United States, including claims based on egregious

conduct in delaying or failing to pay benefits.  They reason that all of the claims regarding maintenance and cure involve the "same subject matter."  In particular, the *Manuel* opinion faults the *Shields* court for "in effect, turn[ing] the punitive damages remedy into a separate cause of action."  *Manuel*, 50 F.3d at 1260.

Contemporaneously, however, a carefully reasoned opinion was issued in this District:  *Abogado v. Int'l Marine Carriers*, 890 F.Supp. 626 (S.D. Tex. 1995).  The *Abogado* opinion reviewed case law leading up to the amendment that added the exclusivity provision of the SAA as well as the legislative history for that amendment.  It concludes that, because the SAA does not create a "remedy" for willful and arbitrary denial of maintenance and cure, the claim never triggers the exclusivity provision.  *Id*. at 632.  In the alternative, the *Abogado* opinion agrees with *Shields'* analysis that the claims do not involve the "same subject matter."  *Id*.  The *Abogado* opinion also draws on a policy that the SAA was intended to, and should be construed to, expand the rights of seamen.

The conclusions reached in *Abogado* and *Henderson* are in the minority.  But the driving consideration for most courts, regardless of the ultimate decision, appears to be centered on the question of whether a punitive damages claim involves the "same subject matter" as a claim for compensatory damages arising from the maintenance and cure obligation.  In its en banc opinion in *Guevara v. Maritime Overseas Corp*., 59 F.3d 1496 (5th Cir. 1995), the Fifth Circuit traced the history of such punitive damages claims to determine whether they were still viable in maintenance and cure actions.  In so doing, the Fifth Circuit agreed with *Manuel* in holding that "the willful refusal to pay

4 / 5

maintenance and cure is not a cause of action separate from the negligent failure to pay maintenance and cure." *Id*. at 1512.

In the end, the *Guevara* opinion held that the remedy of punitive damages was no longer viable in maintenance and cure actions.  *Id*.  The Supreme Court has since disagreed and has determined that such punitive damage claims are alive and well where maintenance and cure actions may be brought.  *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404 (2009) (abrogating *Guevara*).  Common to both courts' analyses of the origin of punitive damages is the finding that they are part-and-parcel of a claim for compensatory damages and attorney's fees rather than a separate "subject matter."

For these reasons, the Court finds that the majority view espoused by the trio of federal appellate court cases cited above provides better guidance, consistent with the Fifth Circuit's view of punitive damage claims being the "same subject matter" as claims for compensatory damages and attorney's fees arising from maintenance and cure obligations.  The Court GRANTS the motion to dismiss (D.E. 19) and DISMISSES all claims against Amsea and GDC.

ORDERED this 31st day of August, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE